UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>    Plaintiff,<br><br>    v.<br><br>C. PIERCE,<br><br>    Defendant. | No. 2:17-cv-1928 DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se pursuant to 42 U.S.C. § 1983, recently filed several motions in this court. Plaintiff filed his initial complaint on September 15, 2017. (ECF No. 1). On September 29, 2017, plaintiff filed a motion to proceed in forma pauperis. (ECF No. 4). Since then, plaintiff has filed several motions related to these two documents. The court addresses each of them herein.

With respect to the in forma pauperis motion filed September 29, 2017, three days after it was filed, the court issued an order directing plaintiff to file an in forma pauperis affidavit within thirty days or pay the requisite filing fee. (See ECF No. 6).[1] As a result, on October 25, 2017, plaintiff filed an extension of time request to file a second affidavit. (See ECF No. 8). Two days

---

[1] It appears that plaintiff's in forma pauperis motion filed September 29, 2017 (ECF No. 4) and the court's subsequent October 2, 2017 order directing plaintiff to file an affidavit in support of his in forma pauperis request (ECF No. 6) may have crossed in the mail, resulting in plaintiff ultimately filing two in forma pauperis applications with the court (see ECF Nos. 4, 9).

later, plaintiff filed his second in forma pauperis application with the court. (ECF No. 9). Given that both applications are complete, the court will grant plaintiff in forma pauperis status. This will render plaintiff's request for an extension of time to file a second in forma pauperis application moot. (ECF No. 8)

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Regarding the motions related to plaintiff's complaint, on October 11, 2017, plaintiff filed a motion to amend the complaint. (ECF No. 7). Like the complaint, the document filed was fifty-one pages in length. (Compare ECF No. 1, with ECF No. 7). However, the language in it, as well as the absence of the Civil Rights Complaint by a Prisoner form, indicates that the filing was intended to supplement the complaint.[2] (See generally ECF No. 7). On November 27, 2017, plaintiff filed a second motion to amend the complaint. (ECF No. 11). Given its length, the six-page document also appears intended to be a supplement to the complaint. (See generally id.).

////

---

[2] For example, in the first two paragraphs of the handwritten motion filed October 11, 2017, plaintiff states:

> The Plaintiff has recently received this appeal in the mail indicating it [sic] as being exhausted all three levels [sic] and believes he needs to present this to the court as evidence. . . .
>
> . . . .
>
> Darren Ford, Plaintiff, also received these pictures today that are very clear as opposed to the ones he has already sent to the court as evidence "Exhibit B."

(ECF No. 7 at 1-2).

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010). Once plaintiff files an amended complaint, the prior pleading no longer serves any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.D. 554, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. See Iqbal, 556 U.S. at 678.

In the amended complaint, plaintiff must demonstrate that the defendant, acting under color of state law, deprived him of rights secured by the Constitution or federal statutes. See 42 U.S.C. § 1983; see also Soo Park v. Thompson, 851 F.3d 910, 918 (9th Cir. 2017) (citing Williams v. California, 764 F.3d 1002, 1009 (9th Cir. 2014)); Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). In addition, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citing Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); see generally Rizzo v. Goode, 423 U.S. 362 (1976); see, e.g., May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266,

3

268 (9th Cir. 1982).

In light of the above, plaintiff's first request to amend his complaint (ECF No. 7) will be granted. His second request to amend his complaint (ECF No. 11) will, therefore, be denied as moot. Plaintiff is ordered to file a first amended complaint within thirty days of the date of this order. The amended complaint, however, must comply with the completeness requirements of Local Rule 220 and the brevity requirements of Federal Rule of Civil Procedure 8(a)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 4, 9) are GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's October 25, 2017 motion for an extension of time to file his in forma pauperis application (ECF No. 8) is DENIED nunc pro tunc as moot;

4. Plaintiff's October 11, 2017 motion to amend the complaint (ECF No. 7) is GRANTED;

5. Plaintiff's November 27, 2017 motion to amend the complaint (ECF No. 11) is DENIED nunc pro tunc as moot.

6. Plaintiff is to file a first amended complaint within thirty days of the date of this order.

Plaintiff is cautioned that failure to file an amended complaint within the time frame given and in compliance with the directives detailed in this order may result in a recommendation for dismissal of his case for failure to prosecute.

Dated: January 10, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS/PRISONER.CIVIL RIGHTS/ford1928.36ifp(2)

4