1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARREN VINCENT FORD,                    No.  2:17-cv-1928 DB P

12                   Plaintiff,

13          v.                               ORDER

14    C. PIERCE,

15                   Defendant.

16

17          Plaintiff, a state prisoner proceeding pro se with a civil rights action, has moved to

18    disqualify the undersigned magistrate judge.  (ECF No. 16).  The court construes plaintiff's

19    request as a motion to recuse the undersigned under 28 U.S.C. § 144.  For the reasons set forth

20    below, plaintiff's motion is denied.

21                                  **LEGAL STANDARDS**

22          Federal law provides that a party may seek recusal of a judge based on bias or prejudice.

23                  Whenever a party to any proceeding in a district court makes and
                    files a timely and sufficient affidavit that the judge before whom the
24                  matter is pending has a personal bias or prejudice either against him
                    or in favor of any adverse party, such judge shall proceed no further
25                  therein, but another judge shall be assigned to hear such
                    proceeding.
26
                    The affidavit shall state the facts and the reasons for the belief that
27                  bias or prejudice exists, and shall be filed not less than ten days
                    before the beginning of the term at which the proceeding is to be
28                  heard, or good cause shall be shown for failure to file it within such

                                             1

time. A party may file only one such affidavit in any case. It shall
be accompanied by a certificate of counsel of record stating that it
is made in good faith.

28 U.S.C. § 144.

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 607, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal. See id.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter. See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit is legally insufficient, then recusal can be denied. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

**ANALYSIS**

Plaintiff's motion for recusal in this case is substantively insufficient under Section 144 because it fails to allege facts that would support the contention that the undersigned has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source. See Sibla 624 F.2d at 868 ("An affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). The motion alleges partiality and bias by the undersigned because plaintiff is "a convict." (See ECF No. 16). It further asserts

1  that because the undersigned is also presiding over a second case of plaintiff's,[1] this creates a

2  conflict of interest.  (Id.).  Implicit in these statements is the contention that the decisions made in

3  plaintiff's other case will affect the decisions the undersigned will make in this matter.

4      The issues raised by plaintiff in his motion for recusal are not proper grounds to disqualify

5  a judge for bias and prejudice.  As the United States Supreme Court has noted, "judicial rulings

6  alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United

7  States, 510 U.S. 540, 555 (1994).  Instead, the judicial rulings are a basis for appeal, not recusal.

8  See id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an

9  extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or

10 antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are

11 proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir.

12 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings.  That is not an

13 adequate basis for recusal.") (citations omitted).  Furthermore, recusal based upon the fact that a

14 judge has presided over other cases of a movant, without more, is not warranted.  See $292,

15 888.04 in U.S. Currency, 54 F.3d at 567; see also Barnes v. United States, 241 F.2d 252, 253-54

16 (9th Cir. 1956) (stating judge's decision against litigant in one case does not preclude judge from

17 sitting in another case of litigant's).

18     For these reasons, IT IS HEREBY ORDERED that plaintiff's motion for to disqualify the

19 undersigned magistrate judge (ECF No. 16) is denied.

20

21

22  Dated: 4/10/2018                    /s/  DEBORAH BARNES
                                        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27  DLB:13
    DB/ORDERS/ORDERS/PRISONER.CIVIL RIGHTS/ford1928.recuse

28  _____
    [1]  The undersigned also presides over Ford v. Jahangiri, No. 2:15-cv-2588 GEB DB P.

3