1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARREN VINCENT FORD,                    No.  2:17-cv-1928 DB P

12                Plaintiff,

13         v.                                 ORDER

14    C. PIERCE,

15                Defendant.

16

17         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on

19    January 11, 2018.  (See ECF Nos. 1, 13).  This proceeding was referred to this court by Local

20    Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21         Plaintiff filed the instant petition on September 15, 2017.  (ECF No. 1).  On January 11,

22    2018, plaintiff was granted in forma pauperis status.  (ECF No. 11).  However, a detailed review

23    of plaintiff's filing history with the court reveals that on at least three occasions prior to the

24    commencement of this action, lawsuits filed by the plaintiff have been dismissed on the grounds

25    that they were either frivolous, malicious, or failed to state a claim upon which relief may be

26    granted in violation of 28 U.S.C. § 1915(g).  For this reason, plaintiff will be ordered to show

27    cause why his in forma pauperis status should not be revoked.

28    ////

                                                  1

I.     RELEVANT LAW

A.     28 U.S.C. § 1915(g):  Three Strikes Rule

Section 1915(g) states:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it."  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted).  "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).

B.     Judicial Notice

A court may take judicial notice of its own records in other cases.  See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).

II.     DISMISSAL HISTORY OF ALLEGED "STRIKE" CASES

A review of plaintiff's filing history in federal court indicates that the following cases were dismissed for reasons identified in Section 1915(g) and were adjudicated prior to the filing of the instant action:

- Ford v. California Health Care Facility ("CHCF"), No. 2:15-cv-2590 CKD P (E.D. Cal. Apr. 12, 2016) (dismissal for failure to state a claim);

////

- <u>Ford v. Lewis</u> ("<u>Lewis</u>"), No. 3:16-cv-1126 LAB BLM (S.D. Cal. Jan. 11, 2017) (dismissal for failure to state a claim), and

- <u>Ford v. King</u> ("<u>King</u>"), No. 1:17-cv-0960 SKO P (E.D. Cal. Aug. 17, 2017) (dismissal as barred by res judicata and the statute of limitations).

The court takes judicial notice of each of these cases and reviews them in relevant detail herein.

In <u>CHCF</u>, on February 1, 2016, after screening the original complaint, the court found that plaintiff had failed to state a claim upon which relief could be granted. (See <u>CHCF</u>, ECF No. 6 at 2-4). As a result, plaintiff was given the opportunity to file an amended complaint within thirty days. (See <u>id.</u> at 5-6). Plaintiff failed to do so, and thereafter, on April 12, 2016, the matter was dismissed. (See <u>CHCF</u>, ECF Nos. 13, 14). A case that is dismissed for failure to file an amended complaint when the underlying need for an amended complaint is that the initial complaint had failed to state a claim upon which relief could be granted constitutes a strike under Section 1915(g). See <u>Harris v. Mangum</u>, 863 F.3d 1133, 1143 (9th Cir. 2017). Therefore, the dismissal of <u>CHCF</u> is a strike under Section 1915(g).

In <u>Lewis</u>, on August 17, 2016, defendants moved for dismissal of plaintiff's complaint on the grounds that it failed to state a claim upon which relief could be granted. (See <u>Lewis</u>, ECF No. 27). On December 5, 2016, a grant of the motion to dismiss was recommended by the magistrate judge. (See <u>Lewis</u>, ECF No. 44). Thereafter, on January 11, 2017, the district court judge adopted the recommendation and granted defendants' motion to dismiss. (See <u>Lewis</u>, ECF Nos. 50, 51). Thus, the dismissal of <u>Lewis</u> is also a strike under Section 1915(g).

In <u>King</u>, on August 17, 2017, the court found that the matter was barred by res judicata as well as by the statute of limitations. (See <u>King</u>, ECF No. 15). As a result, the case was dismissed. (See <u>King</u>, ECF Nos. 15, 16). Dismissal for these reasons effectively constitutes dismissal for failure to state a claim. See <u>Belanus v. Clark</u>, 796 F.3d 1021, 1027-29 (9th Cir. 2015) (finding court's dismissal without leave to amend for inability to overcome statute of limitations bar as well as its finding that said dismissal constituted a strike was proper); <u>see also</u> <u>Chatman v. Frazier</u>, No. 2:13-cv-1605 KJM KJN P, 2016 WL 1267834, at *1 (E.D. Cal. Mar. 31, 2016) (citing to <u>Belanus</u>); <u>see, e.g.</u>, <u>Cramer v. Dickinson</u>, No. 1:08-cv-0375 AWI GSA PC, 2013

WL 1192402, at *1 (E.D. Cal. Mar. 21, 2013) (dismissing matter for failure to state a claim based upon the doctrine of res judicata). Because the style of the dismissal and/or its procedural posture is immaterial, the dismissal of King is also a strike under Section 1915(g). See El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (stating central question when considering strike status is whether dismissal "rang the PLRA bells of frivolous, malicious, or failure to state a claim").

III.    CONCLUSION

In light of the above, plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff can show that he was "under imminent danger of serious physical injury" at the time that he filed the initial complaint. See 28 U.S.C. § 1915(g). Plaintiff has not alleged any facts which suggest that this was the case at that time. (See generally ECF Nos. 1, 17). Therefore, unless plaintiff can show cause why his in forma pauperis status should not be revoked, plaintiff will be ordered to submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY ORDERED that within thirty days from the date of this order, plaintiff shall show cause regarding why he should not be declared a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  November 6, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/ford1928.1915g.ifp

4