UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>    Plaintiff,<br><br>    v.<br><br>C. PIERCE,<br><br>    Defendant. | No. 2:17-cv-1928 DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with a civil rights action, has filed several requests for appointment of counsel. (See ECF Nos. 21, 22, 32, 33). Within the past five months, plaintiff has also filed a motion for a mandatory settlement conference and a motion for offer to compromise (ECF No. 20); a motion for summary judgment and a request for summary judgment (ECF Nos. 21, 22); a motion for a jury trial and a request for a jury trial (ECF Nos. 21, 22); a request for a settlement conference hearing (ECF No. 25); motions for discovery (ECF Nos. 30, 32); a motion to compel (ECF No. 32), and a request for defendant to file a response (ECF No. 34). For the reasons stated herein, the court will deny the motions to appoint counsel as well as all of plaintiff's other outstanding motions and requests.

I.     RELEVANT PROCEDURAL HISTORY

On January 11, 2018, the court screened plaintiff's complaint, granted him in forma pauperis status and ordered him to file a first amended complaint ("FAC"). (See ECF No. 12).

1

On February 8, 2018, plaintiff filed a FAC.[1]  (See ECF No. 17).  Screening of the FAC was pending and defendants had yet to be served when, on November 7, 2018, the court determined that plaintiff is likely a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g).  (See ECF No. 31).  At that time, the court ordered plaintiff to show cause within thirty days why his in forma pauperis status should not be revoked.  (See id.).  Plaintiff's response to the order is due in December 2018.

II.     MOTIONS TO APPOINT COUNSEL

Of the four motions to appoint counsel plaintiff has filed, only one provides facts and statements in support of the request.  Compare ECF Nos. 21, 22, 32 (providing no facts in support of motion to appoint counsel), with ECF No. 33 (providing facts in support of motion to appoint counsel).  The reasons provided in plaintiff's most recent appointment of counsel motion include, but are not limited to:  (1) the fact that he needs someone to show him "the proper courtroom tactics" to establish that defendant went "beyond the scope" of his duties almost killing him while he was handcuffed by his wrists and legs; (2) the fact that he fears that his life is at risk at the hands of prison officials and other inmates, and (3) the interests of justice would be served by the appointment.  (See ECF No. 33).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

---

[1] Since then, plaintiff has filed second and third amended complaints, despite the fact that the court has not given him leave to do so.  (See, e.g., ECF Nos. 26, 27).

2

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel, nor do the reasons plaintiff has provided in his most recent appointment of counsel request. Consequently, the court does not find the required exceptional circumstances, and as a result, it will deny plaintiff's pending motions to appoint counsel.

III.   OUTSTANDING REMAINING MOTIONS

With respect to the other outstanding pleadings, all of them are discovery-based motions. In addition, cognizable claims against the named defendant have yet to be identified, and defendant has yet to be served. Finally, pursuant to the court's November 7, 2018 order, to proceed with this action, plaintiff must first show why he should not be declared a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g). Time within the thirty-day period he has been given to do so remains. For these reasons, these outstanding motions are premature and will be denied as such.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a mandatory settlement conference and his motion for an offer to compromise (ECF No. 20) are DENIED as premature;

2. Plaintiff's motions and requests for the appointment of counsel (ECF Nos. 21, 22, 32, 33) are DENIED, as are any and all summary judgment, jury trial, discovery, and motion to compel pleadings found in each of these enumerated pleadings;

3. Plaintiff's request for a settlement conference hearing, filed August 1, 2018 (ECF No. 25), is DENIED as premature;

4. Plaintiff's motion for discovery, filed October 24, 2018 (ECF No. 30), is DENIED as premature, and

5. Plaintiff's request for defendant to file a response, filed November 16, 2018 (ECF No. 34), is DENIED as premature.

Dated: November 26, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/ford1928.31(4)