UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>Plaintiff,<br><br>v.<br><br>C. PIERCE,<br><br>Defendant. | No. 2:17-cv-1928 DB P<br><br><br>ORDER |

On November 19, 2018, plaintiff, a state prisoner proceeding pro se and in forma pauperis with a civil rights action, filed a motion for defendant to file a response to his complaint. (See ECF No. 35). On November 28, 2018, plaintiff filed a motion to appoint counsel.[1] (See ECF No. 39). For the reasons stated below, the court will deny these motions.

I.      APPLICABLE LAW

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017

---

[1] On the same day, plaintiff also filed "objections" to the court's November 7, 2018, order which has directed him to show cause why his in forma pauperis status should not be revoked in accord with 28 U.S.C. § 1915(g), the three strikes statute. (See ECF Nos. 31, 38). The court will address this as well as plaintiff's other outstanding pleading (see ECF No. 36) in a separate order.

1

(9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, once again the court does not find the required exceptional circumstances.

II.     DISCUSSION

   A.   Motion to Appoint Counsel

Plaintiff has filed several requests for appointment of counsel prior to the instant one. (See ECF Nos. 21, 22, 32, 33). On November 27, 2018, the court denied each of these motions on the grounds that plaintiff had failed to show that exceptional circumstances existed that warranted such an appointment. (See ECF No. 37). The next day, plaintiff filed yet another motion for appointment of counsel, which the court considers herein. (See ECF No. 39).

It appears that the instant request for appointment of counsel and the court's denial of plaintiff's prior appointment of counsel requests have crossed in the mail. Moreover, plaintiff's contention that the court's November 7, 2018, order directing plaintiff to show cause why his in forma pauperis status should not be revoked pursuant to 28 U.S.C. § 1915(g) creates exceptional circumstances which warrant the appointment of counsel under 28 U.S.C. § 1915(e)(1) (see ECF No. 39 at 1-2) is not supported by the law. In addition, plaintiff's assertion that Terrell and Wood support this argument (see ECF No. 39 at 1-2) is incorrect. These cases simply establish that a finding that exceptional circumstances are present is necessary for counsel to be appointed. See Terrell, 935 F.2d at 1017; see also Wood, 900 F.2d at 1335-36. Plaintiff provides no other legal support for this contention, nor does he provide other facts or arguments that would support a finding that exceptional circumstances exist. (See ECF No. 39). For these reasons, the court will deny plaintiff's motion to appoint counsel filed November 28, 2018. (See ECF No. 39).

   B.   Motion for Defendant to File a Response

As for plaintiff's motion for defendant to file a response to the complaint (see ECF No. 35), as the court recently found in its order issued November 27, 2018, because: (1) the threshold issue that must first be addressed is whether plaintiff should be permitted to continue to proceed with this action with in forma pauperis status; (2) it has yet to be determined that plaintiff has any cognizable claims against defendant, and (3) defendant has yet to be served, plaintiff's request

////

that defendant be ordered to file a response to his complaint is premature. (See generally ECF No. 37 at 3). Consequently, this motion will also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 19, 2018, motion for defendant to file a response (ECF No. 35) is DENIED, and

2. Plaintiff's November 28, 2018, request for the appointment of counsel (ECF No. 39) is DENIED.

Dated: November 30, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/ford1928.31(5)