UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>    Plaintiff,<br><br>    v.<br><br>C. PIERCE,<br><br>    Defendant. | No. 2:17-cv-1928 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on January 11, 2018. (See ECF No. 12). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated herein, the court will revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and require that he pay the appropriate filing fee prior to proceeding further with this action. The court will also deny plaintiff's motion to compel production and motion to appoint counsel filed November 19, 2018 (ECF No. 36).

I.     RELEVANT PROCEDURAL HISTORY

On September 15, 2017, plaintiff filed the original complaint in this matter. (ECF No. 1). Shortly thereafter, on September 29, 2017, plaintiff filed an application to proceed in forma

////

1

pauperis.  (See ECF No. 4).  A second, unsolicited in forma pauperis application was filed by plaintiff on October 27, 2017.  (See ECF No. 9).

On January 11, 2018, plaintiff's motions to proceed in forma pauperis were granted.  (See ECF No. 12).  At that time, plaintiff was also ordered to file a first amended complaint.  (See id. at 4).  Plaintiff filed the first amended complaint on February 8, 2018.  (ECF No. 17).  Since then, plaintiff has filed numerous, unsolicited pleadings with the court.  (See, e.g., ECF Nos. 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35).

Thereafter, the court extensively reviewed plaintiff's litigation history with the court.  The review revealed that on at least three occasions prior to the filing of the instant matter, lawsuits filed by plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted:

- Ford v. California Health Care Facility ("CHCF"), No. 2:15-cv-2590 CKD P (E.D. Cal. Apr. 12, 2016) (dismissal for failure to state a claim);
- Ford v. Lewis ("Lewis"), No. 3:16-cv-1126 LAB BLM (S.D. Cal. Jan. 11, 2017) (dismissal for failure to state a claim), and
- Ford v. King ("King"), No. 1:17-cv-0960 SKO P (E.D. Cal. Aug. 17, 2017) (dismissal as barred by res judicata and the statute of limitations).[1]

(See ECF No. 31 at 2-3).  The court took judicial notice of the matters.  (See ECF No. 31 at 2-3).  The court also noted that plaintiff's original complaint claimed no imminent danger of serious physical injury.  (See id. at 4).  As a result, the court ordered plaintiff to show cause why his in forma pauperis status should not be revoked.  (See id.).

II. PLAINTIFF'S SHOWING OF CAUSE

A. Plaintiff's November 19, 2018 Filing

On November 19, 2018, plaintiff filed a motion to compel production and a motion to appoint counsel,[2] the content of which, in part, appears to be a response to the court's November

---

[1] The undersigned's November 7, 2018, order to show cause describes in detail why each of these cases constitutes a strike as described in 28 U.S.C. § 1915(g).  (See generally ECF No. 31).

[2] Because defendants have yet to be identified and served and because the court will revoke

2

7, 2018 order to show cause. (See ECF No. 36). In it, plaintiff contends that at the time he filed his original complaint, he was in imminent danger of serious physical injury. (See ECF No. 36 at 2). He writes:

> [I am] submitting a 42 U.S.C. 1983 [sic] civil lawsuit against a peace officer – C. Pierce – after Pierce knocked down [me] while [I] was hand and leg cuffed[sic], then Pierce continued using excessive for[ce] by kicking [me] in the head and face. Now, because [I have] submitted this lawsuit, [I] have found [myself] in imminent danger of serious physical injury (§ 1915(g)) by other officers where ever [sic] [I go] until [I am] released.

(ECF No. 36 at 1) (brackets added). Plaintiff also claims that his filing of the instant action has "enable[d] other peace officers to brutally injure [me] in retaliation of [my] lawsuit against Pierce while his fellow officers don't care how [I] suffer." (Id. at 2) (brackets added). As a result of defendant's attack on him in September 2016, plaintiff states that he "now fears all offices and thinks they are going to purposely injure him for no reason as [defendant] Pierce [did]." (Id.). Plaintiff "fears for his life in prison from all officers and inmates." (Id.).

B. Plaintiff's November 28, 2018 Filing

Thereafter, on November 28, 2018, plaintiff also filed "objections" to the court's November 7, 2018 order. (ECF No. 38). The court deems this filing responsive to its order to show cause as well. In it, plaintiff argues that he should not be declared a three-strikes litigant in part because he is only a layman with a GED and little knowledge of the law. (See id. at 1-2). He also attempts to explain to the court why each of the aforementioned cases identified as strikes was lost in court.[3] (See id. at 2-4). Finally, plaintiff again asserts that other officers and inmates

---

plaintiff's in forma pauperis status herein, plaintiff's motion to compel and motion for appointment of counsel filed as part of plaintiff's response to the court's order to show cause (see ECF No. 36 at 1-2) are premature. Consequently, the court will deny the motions herein.

[3] Plaintiff also appears to assert that King, a case in which judgment was issued and which was closed on August 17, 2017 (see King, ECF Nos. 15, 16), is the same as another case which he is currently litigating, Ford v. King, No. 17-cv-0822 DAD BAM P. (See ECF No. 38 at 2-4). Irrespective of whether the content and/or defendants of both cases are similar, the King matter referenced above has been adjudicated, and it has been dismissed for reasons that fall within the parameters of Section 1915(g). Thus, it is properly considered in this court's three-strikes

3

have placed him in "imminent danger [again] of serious physical injury." (Id. at 4) (brackets in original).

III. DISCUSSION

Having reviewed both pleadings, for the reasons stated below, the undersigned finds that plaintiff's showing of cause is insufficient. Therefore, the court will revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and order him to pay the application fee prior to proceeding further with this action.

Plaintiff's two arguments in support of why his in forma pauperis status should not be revoked, namely: (1) that he is a layperson with limited knowledge of the law, and (2) that he is in imminent danger of serious physical injury (see generally ECF Nos. 36, 38), are without merit and unsupported by the record. First, Section 1915(g) does not allow for the court to consider whether a litigant was familiar with the limitations and/or repercussions of filing multiple, non-viable lawsuits in federal court. See generally 28 U.S.C. § 1915(g). Plaintiff points to no law that suggests otherwise, either. (See generally ECF Nos. 36, 38). Thus, this argument of plaintiff's is without merit.

Next, the record is unclear whether plaintiff is asserting that he is currently in imminent danger of serious physical harm or if he was in such danger at the time of his filing. If it is plaintiff's contention that he is currently in imminent danger of serious physical harm, this does not establish cause that would allow plaintiff to retain his in forma pauperis status. Section 1915(g) clearly states, "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions . . . brought an action . . . that was dismissed . . . unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (underline added). The Ninth Circuit has determined that this means that plaintiff must have been under imminent danger at the time the complaint was filed, not currently. See Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007) (stating availability of Section 1915(g) filing exception turns on conditions prisoner faced at time complaint was filed not earlier or later time).

---

analysis. See 28 U.S.C. § 1915(g) (stating cases to be considered by statute are those that have been dismissed).

4

On the other hand, if it is plaintiff's contention that at the time he filed his initial complaint back in September 2016 (see ECF No. 1), a review of that pleading does not support this assertion. This is because a review of plaintiff's original complaint shows that he made cruel and unusual punishment and deliberate indifference claims as they related to how plaintiff was injured during an escort on September 26, 2016. (See ECF No. 1 at 3-6). However, at no point in that pleading does plaintiff state he believes that he is in imminent danger of additional and/or continuing physical harm. (See id.). In the original complaint plaintiff does appear to imply that other prisoners being notified that he is a sex offender was "putting [his] safety in jeopardy" (see ECF No. 1 at 5). However, thereafter, plaintiff neither provides proof of his assertion that other prisoners were notified of his sex offender status, nor does he provide any support for his implied allegation that he will be physically harmed as a result or that he had recently been harmed as a result of the alleged notification. (See generally ECF No. 1).

In Andrews, the Ninth Circuit held that the imminence standard requires that a plaintiff allege an ongoing danger – e.g., prison officials continuing with a practice that has injured him or others similarly situated in the past – at the time the initial complaint is filed. See Andrews, 493 F.3d at 1056-57. Plaintiff's vague allegation that his safety might be at risk because of his sex offender status does not fall within the parameters of the imminence standard outlined in Andrews. See Andrews, 493 F.3d at 1057 n.11 (stating assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful when supported by implausible or untrue allegations that ongoing practice has produced past harm); see also Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) ("Courts . . . deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous).

For these reasons, plaintiff's allegation that he was in imminent danger of serious physical harm does not establish cause to allow him to retain his in forma pauperis status under Section 1915(g). Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel production and motion to appoint counsel filed November 19, 2018 (ECF No. 36) are DENIED as premature;

2. Plaintiff's in forma pauperis status is hereby REVOKED, and

3. Within twenty-one days of the date of this order, plaintiff shall submit the appropriate filing fee. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 10, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/ford1928.1915g.ifp.revk

6