UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. PIERCE,<br><br>　　　　　Defendant. | No. 2:17-cv-1928 DB P<br><br>ORDER, FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. On January 11, 2018, he was granted leave to proceed in forma pauperis. (ECF No. 12). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On December 11, 2018, the undersigned revoked plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). For the reasons stated below, the court will vacate its December 11, 2018, order in part to the extent that it revokes plaintiff's in forma pauperis status and directs him to pay the filing fee. It will also direct the Clerk of Court to appoint a District Court judge to this matter. Thereafter, the undersigned will recommend to the District Court judge that plaintiff's in forma pauperis status be revoked in light of 28 U.S.C. § 1915(g) and that plaintiff be directed to pay the filing fee.

////

1

## I. RELEVANT PROCEDURAL HISTORY

On September 15, 2017, plaintiff filed the original complaint in this matter. (ECF No. 1). Shortly thereafter, on September 29, 2017, plaintiff filed an application to proceed in forma pauperis. (See ECF No. 4). A second, unsolicited in forma pauperis application was filed by plaintiff on October 27, 2017. (See ECF No. 9).

On January 11, 2018, plaintiff's motions to proceed in forma pauperis were granted. (See ECF No. 12). At that time, plaintiff was also ordered to file a first amended complaint. (See id. at 4). Plaintiff filed the first amended complaint on February 8, 2018. (ECF No. 17). Thereafter, the court extensively reviewed plaintiff's litigation history with the court. The review revealed that on at least three occasions prior to the filing of the instant matter, lawsuits filed by plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. (See ECF No. 31 at 2-3). The court took judicial notice of the matters. (See id.). The court also noted that plaintiff's original complaint claimed no imminent danger of serious physical injury. (See ECF No. 31 at 4). As a result, the court ordered plaintiff to show cause why his in forma pauperis status should not be revoked. (See id.).

Thereafter, plaintiff filed motions on November 19, 2018, and November 28, 2018. (See ECF Nos. 36, 38). On December 11, 2018, the court construed the pleadings as responsive to its order to show cause. (See ECF No. 41). After considering them, the undersigned determined that cause had not been shown and that plaintiff was a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g). (See ECF No. 41 at 4-5). As a result, it ordered that plaintiff's in forma pauperis status be revoked. (See id. at 6). Two days later, on December 13, 2018, plaintiff filed a "Motion to Proceed 'In Forma Pauperis' Due to Plaintiff's Imminent Danger § 1915(g)." (ECF No. 42).

It appears that plaintiff's December 13, 2018, filing and the court's December 11, 2018, order crossed in the mail. Because a review of plaintiff's pleading indicates that it is also responsive to the court's November 2018 order to show cause, the court will vacate the part of its December 11, 2018, order that revoked plaintiff's in forma pauperis status so that it may consider plaintiff's December 13, 2018, pleading herein. First, however, the court reviews how it arrived

at its determination that plaintiff is a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g).

## II. APPLICABLE LAW

### A. 28 U.S.C. § 1915(g): Three Strikes Rule

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).

## III. PLAINTIFF'S SECTION 1915(G) "STRIKE" CASES

A review of plaintiff's filing history in federal court indicates that the following cases of his were dismissed for reasons identified in Section 1915(g) and were adjudicated prior to the filing of the instant action:

- Ford v. California Health Care Facility ("CHCF"), No. 2:15-cv-2590 CKD P (E.D. Cal. Apr. 12, 2016) (dismissal for failure to state a claim);

- Ford v. Lewis ("Lewis"), No. 3:16-cv-1126 LAB BLM (S.D. Cal. Jan. 11, 2017) (dismissal for failure to state a claim), and

- Ford v. King ("King"), No. 1:17-cv-0960 SKO P (E.D. Cal. Aug. 17, 2017) (dismissal as barred by res judicata and the statute of limitations).

////

3

In CHCF, on February 1, 2016, after screening the original complaint, the court found that plaintiff had failed to state a claim upon which relief could be granted. (See CHCF, ECF No. 6 at 2-4). As a result, plaintiff was given the opportunity to file an amended complaint within thirty days. (See id. at 5-6). Plaintiff failed to do so, and thereafter, on April 12, 2016, the matter was dismissed. (See CHCF, ECF Nos. 13, 14). A case that is dismissed for failure to file an amended complaint when the underlying need for an amended complaint is that the initial complaint had failed to state a claim upon which relief could be granted constitutes a strike under Section 1915(g). See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017). Therefore, the dismissal of CHCF is a strike under Section 1915(g).

In Lewis, on August 17, 2016, defendants moved for dismissal of plaintiff's complaint on the grounds that it failed to state a claim upon which relief could be granted. (See Lewis, ECF No. 27). On December 5, 2016, a grant of the motion to dismiss was recommended by the magistrate judge. (See Lewis, ECF No. 44). Thereafter, on January 11, 2017, the district court judge adopted the recommendation and granted defendants' motion to dismiss. (See Lewis, ECF Nos. 50, 51). Thus, the dismissal of Lewis is also a strike under Section 1915(g).

In King, on August 17, 2017, the court found that the matter was barred by res judicata as well as by the statute of limitations. (See King, ECF No. 15). As a result, the case was dismissed. (See King, ECF Nos. 15, 16). Dismissal for these reasons effectively constitutes dismissal for failure to state a claim. See Belanus v. Clark, 796 F.3d 1021, 1027-29 (9th Cir. 2015) (finding court's dismissal without leave to amend for inability to overcome statute of limitations bar as well as its finding that said dismissal constituted a strike was proper); see also Chatman v. Frazier, No. 2:13-cv-1605 KJM KJN P, 2016 WL 1267834, at *1 (E.D. Cal. Mar. 31, 2016) (citing to Belanus); see, e.g., Cramer v. Dickinson, No. 1:08-cv-0375 AWI GSA PC, 2013 WL 1192402, at *1 (E.D. Cal. Mar. 21, 2013) (dismissing matter for failure to state a claim based upon the doctrine of res judicata). Because the style of the dismissal and/or its procedural posture is immaterial, the dismissal of King is also a strike under Section 1915(g). See El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (stating central question when considering strike

////

status is whether dismissal "rang the PLRA bells of frivolous, malicious, or failure to state a claim").

IV. PLAINTIFF'S SHOWING OF CAUSE PLEADINGS

The undersigned has already determined that plaintiff's November 19, 2018 and November 28, 2018 pleadings filed in response to its order to show cause why plaintiff's in forma pauperis status should not be revoked are not persuasive. (See ECF No. 41 at 2-5). For the following reasons, the undersigned also finds that plaintiff's December 13, 2018 (ECF No. 42), responsive pleading is unpersuasive as well.

In the December 13, 2018 pleading, plaintiff argues that his in forma pauperis status should not be revoked pursuant to Section 1915(g) because he believes defendant is informing other officers that he is in prison, and he is telling other inmates about plaintiff's sex offender record. (See id. at 1). As a result, plaintiff contends he is now under imminent danger of serious physical injury. He also states that he is paranoid to be around officers and other inmates and that he "experiences a great deal of psychological harm." (See id. at 2).

Plaintiff also argues that the Eighth Amendment guarantees his protection against "excessive risk of health [and] safety." (ECF No. 42 at 2) (brackets added). He contends this means he is entitled to protection from correctional officers who spread rumors in order to entice fights between prisoners. (See id.). The case should proceed, plaintiff argues, so that defendant will "conduct himself in a professional matter towards ALL prisoners." (See id.) (emphasis in original).

V. DISCUSSION

These arguments fail to establish that plaintiff was under imminent danger of serious physical harm at the time he filed the initial complaint. The timing of the imminent danger threat is key in a Section 1915(g) analysis. The Ninth Circuit has held that the imminence standard requires that a plaintiff allege an ongoing danger – e.g., prison officials continuing with a practice that has injured him or others similarly situated in the past – at the time the initial complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007); see also Williams v. Paramo, 775 F.3d 1182, 1188 (9th Cir. 2015) ("We concluded in Andrews that § 1915(g) required

a showing of imminent danger 'at the time the prisoner filed the complaint' because of the section's use of the present tense and its concern with the initial act of 'bring[ing] the action'.")

Plaintiff's December 13, 2018 pleading simply restates the original incident that led to plaintiff filing the initial complaint and contends that today – well over a year later – plaintiff is <u>now</u> under imminent danger of serious physical harm. (<u>See</u> ECF No. 42 at 1) ("[B]ecause [defendant] . . . exposed [my] criminal record of being a sex offender . . . [n]ow [I am] under imminent danger of serious physical injuries."). His mere <u>belief</u> that defendant <u>might</u> have informed inmates and officers of his status as a sex offender <u>after</u> he filed suit does not meet the imminence threshold requirement. Indeed, the pleading provides no indication that defendant's assault of plaintiff and his informing prison employees and inmates of plaintiff's sex offender status occurred at the same time or were related to one another. Furthermore, even if the assault and the dissemination of plaintiff's sex offender status to prison employees and inmates had occurred at the same time, plaintiff has not provided any proof that he has even been threatened – let alone actually physically harmed – by someone in prison as a result of defendant spreading the information. Moreover, "[t]he mere status of being an incarcerated sex offender is not enough to meet the imminent danger exception of [Section] 1915." <u>See</u> <u>Allen v. Georgia</u>, No. CV 210-076, 2010 WL 3418923, at *1 (S.D. Georgia Aug. 30, 2010) (brackets added) (citation omitted).

Finally, to the extent plaintiff contends that he has become paranoid and is under psychological duress, claims of mental distress – even at the time of an initial filing – do not permit a litigant to clear the imminent danger threshold requirement. <u>See</u> <u>Sanders v. Melvin</u>, 873 F.3d 957, 959-60 (9th Cir. 2017) (stating mental deterioration is not physical problem and Section 1915(g) supposes that prisoners facing it can save up to pay filing fee).

In sum, the statements related to plaintiff's alleged imminent danger state are unsupported in his original complaint and subsequent pleadings, and they are conclusory. (<u>See generally</u> ECF Nos. 1, 36, 38, 42). Therefore, they are rejected. <u>See</u> <u>Andrews</u>, 493 F.3d at 1057 n.11 (stating assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful when supported by implausible or untrue allegations that ongoing practice has produced past harm); <u>see also</u> <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 331 (7th Cir. 2003) ("Courts

6

. . . deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous).

In light of the above, plaintiff has failed to provide sufficient cause why his in forma pauperis status should not be revoked. Consequently, the undersigned will recommend that plaintiff's in forma pauperis status be revoked pursuant to 28 U.S.C. § 1915(g) and that he be ordered to pay the application fee prior to proceeding further with this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Given the filing of plaintiff's responsive pleading on December 13, 2018 (ECF No. 42), the court's order dated December 11, 2018 (ECF No. 41), is VACATED IN PART with respect to its revocation of plaintiff's in forma pauperis status and its direction that plaintiff pay the filing fee;

2. All other parts of the December 11, 2018 order (ECF No. 41), shall remain in effect;

3. Plaintiff's in forma pauperis status is herein REINSTATED, and

4. The Clerk of Court shall randomly assign a District Court judge to this matter.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff be formally declared a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g);

2. Plaintiff's in forma pauperis status granted January 11, 2018 (see ECF No. 12) be REVOKED in light of 28 U.S.C. § 1915(g), and

3. Plaintiff be ordered to pay the appropriate filing fee prior to proceeding further with this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 26, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/ford1928.1915g.f&r