UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>    Plaintiff,<br><br>    v.<br><br>C. PIERCE,<br><br>    Defendant. | No. 2:17-cv-1928 JAM DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (See ECF No. 42). Plaintiff has also filed a "motion for new jurisdiction." (ECF No. 44). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated herein, both motions will be denied.

**I.    MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff was granted in forma pauperis status on January 11, 2018. (See ECF No. 12). However, on November 7, 2018, having reviewing plaintiff's filing history with the court more closely, the undersigned determined that plaintiff was a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g). (See ECF No. 31). As a result, the court ordered plaintiff to show cause within thirty days why his in forma pauperis status should not be revoked. (See id. at 4).

////

Plaintiff's objections to the court's order to show cause and another related pleading were timely filed in November 2018. (See ECF No. 36 at 1; see also ECF No. 38 at 4) (plaintiff asserting in both pleadings that he was in imminent danger of serious physical injury). On December 11, 2018, after reviewing them, the court revoked plaintiff's in forma pauperis status. (See ECF No. 41). Shortly thereafter, on December 13, 2018, the court received the instant motion to proceed in forma pauperis from plaintiff. (See ECF No. 42). In it, in addition to requesting in forma pauperis status, plaintiff again asserted that he was entitled to continue to proceed with this action because he was under imminent danger of serious physical injury. (See id. at 1-2). Construing the motion as an additional response to the court's order to show cause, on December 27, 2018, the vacated its revocation order in part and then reviewed the pleading. (See ECF No. 46 at 2-3).

Ultimately, the undersigned has recommended to the assigned District Judge that plaintiff's in forma pauperis status should be revoked. (See id. at 7). Implicit in this recommendation, which remains pending, is that the instant, outstanding in forma pauperis motion should be denied as moot. The undersigned does so herein.

## II.  MOTION FOR NEW JURISDICTION

On December 26, 2018, plaintiff filed a "motion for new jurisdiction." (ECF No. 44). In in it, plaintiff states that he has been moved from California State Prison – Sacramento ("CSP – SAC") to California State Prison – Los Angeles County ("CSP – LAC"). As a result, he requests that this matter be moved to the "proper" jurisdiction. (See id.).

The federal statute that establishes venue, 28 U.S.C. § 1391, states in relevant part:

> **(b) Venue in general**. – A civil action may be brought in –
>    **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>    **(2)** a judicial district in which a substantial party of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>    **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

| | |
|---|---|
| 1 | 28 U.S.C. § 1391(b)(1)-(3). |
| 2 | A review of plaintiff's court-ordered first amended complaint, filed February 2, 2018,[1] |
| 3 | indicates that defendant Pierce, the only named defendant, is employed as a prison official at CSP |
| 4 | – SAC and presumably resides there. (See generally ECF No. 17). CSP – SAC is located in the |
| 5 | Eastern District of California. Therefore, continued venue in this district is proper, irrespective of |
| 6 | whether plaintiff is now housed at CSP – LAC. |
| 7 | Accordingly, IT IS HEREBY ORDERED that: |
| 8 | 1. Plaintiff's December 13, 2018, motion to proceed in forma pauperis (ECF No. 42) is |
| 9 | DENIED as moot, and |
| 10 | 2. Plaintiff's December 26, 2018, motion for new jurisdiction (ECF No. 44) is DENIED. |
| 11 | Dated: January 14, 2019 |

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/ford1928.ifp.jrsd.den

---

[1] Plaintiff's first request to amend his complaint, filed October 11, 2017 (ECF No. 7) was granted on January 11, 2018 (see ECF No. 12). Thus, plaintiff's first amended complaint, filed February 8, 2018 (see ECF No. 17), supersedes the original complaint. Plaintiff has filed second and third amended complaints. (See ECF Nos. 26, 27). However, plaintiff was neither given permission nor ordered to do so. As a result, the court only considers the content of plaintiff's first amended complaint, which the court granted him leave to file. (See ECF Nos. 12, 17).